# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-12-00268-CV

---

### A. S., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 252,206-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant A.S. has filed a notice of appeal from the district court's order terminating her parental rights. A.S.'s court-appointed counsel has filed a motion to withdraw and an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). We reach the same conclusion and will affirm the order of termination.

The Texas Department of Family and Protective Services (the Department) filed a petition to terminate A.S.'s parental rights to her daughter, P.D., an infant. The petition was based in part on allegations that A.S. had endangered the physical or emotional well-being of the child by, among other things, using drugs. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E) (West Supp. 2011).

At the final hearing, the district court heard evidence that on March 15, 2012, Officer Andrew McCatherine of the Killeen Police Department responded to a call of a criminal trespass at a local motel. Once inside the motel room, McCatherine testified, he discovered A.S. lying in a bed asleep, unresponsive to McCatherine's attempts to wake her. Next to the bed, McCatherine observed what he believed to be drug paraphernalia. According to McCatherine, when A.S. finally awoke, she admitted to using drugs and was placed under arrest. This incident had occurred approximately one week before the final hearing commenced.

The district court also heard evidence from Carrie Green, the conservatorship caseworker assigned to the case. Green provided extensive testimony regarding the case and her recommendations for the child. During her testimony, Green recited A.S.'s criminal history, which included multiple arrests and convictions in the past ten years for primarily drug-related offenses. Green testified that A.S. had engaged in conduct that endangered the child by using drugs, alcohol, and having drug paraphernalia in the presence of the child, had failed to comply with her court-ordered service plan for reunification, and had failed to take action to create a safe and stable home environment for the child. Green further testified that the child had been placed with relatives who were interested in adopting her and that the child was doing very well in her current placement. In Green's opinion, termination was in the best interest of the child.

On the second day of the final hearing, the district court ordered A.S. to submit to a drug test administered by the Department. A.S. tested positive at that time for amphetamines and cocaine. A.S. admitted that she had "relapsed." After this, the district court heard evidence from Dr. Michael Campbell, who had performed a psychological evaluation on A.S. Dr. Campbell

2

testified that A.S. had been diagnosed with drug dependence, Borderline Personality Disorder, and Antisocial Personality Disorder, among other things. Based on his evaluation, Dr. Campbell had concluded that it was unlikely that A.S. could provide a stable home for her child, and he believed that termination was in the best interest of the child. Another witness who opined that termination was in the best interest of the child was Venita Mathis, a Department investigator who had concluded that A.S.'s drug use had endangered the child.

The final witness at the termination hearing was A.S., who admitted to many of the Department's allegations against her but attempted to excuse her current behavior by claiming that her past problems and prior convictions had made it difficult for her to comply with the court-ordered service plan, care for her child, and find suitable employment.[1] A.S. believed that participating in a drug-rehabilitation program would enable her to take care of herself and her child.

At the conclusion of the hearing, the district court found by clear and convincing evidence that the allegations in the Department's petition were true and that termination was in the best interest of the child. This appeal followed.

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47. A.S. was provided with a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

---

[1] A.S. testified that she currently worked as a "dancer" at a "gentlemen's club." She explained that she worked the night shift from 7:00 p.m. until 2:00 a.m. or 4:00 a.m., which made it difficult for her to wake up in the morning and participate in court-ordered services.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47. We affirm the district court's order of termination and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   June 29, 2012

4